UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FARGNER SILVA DE SANTANA,

      Petitioner,

  v.

PHILIP RHONEY, in his official capacity
as Acting Field Office Director, Buffalo
Field Office, U.S. Immigration &
Customs Enforcement, et al.,[1]

      Respondents.

**ORDER**

6:26-CV-06393-EAW

Fargner Silva De Santana ("Petitioner") is a civil immigration detainee alleging that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). He seeks relief under 28 U.S.C. § 2241. (*Id.*). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶ 7).

On April 13, 2026, this Court issued an order directing that Petitioner was entitled to receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge ("IJ") must consider non-bond alternatives to detention

---

[1]    Philip Rhoney is the Acting Field Office Director of the Buffalo Field Office of the United States Immigration and Customs Enforcement and thus is substituted as Respondent in place of Steven Kurzdorfer pursuant to Federal Rule of Civil Procedure 25(d). The Clerk of Court is directed to update the docket to reflect this substitution.

or, if setting a bond, Petitioner's ability to pay.  (Dkt. 5).  On April 23, 2026, Respondents advised the Court to a bond hearing was held and bond denied.  (Dkt. 7).  On April 27, 2026, Petitioner filed a motion to enforce contending that the IJ did not comply with this Court's order in conducting the required bond hearing.  (Dkt. 9).  The Court directed Respondents to provide the transcript of the hearing before the IJ with their response to the motion to enforce.  (Dkt. 10).  Respondents filed a response on May 12, 2026, in which they concede that the IJ did not comply with the Court's order and contend that another bond hearing is warranted.  (Dkt. 12).

Having considered all of the information before the Court, the Court concludes that the motion to enforce should be granted and Petitioner provided a new bond hearing as set forth herein.  Accordingly, it is hereby ordered that a bond hearing shall be conducted in accordance with the following terms:

1.      Petitioner shall be granted a bond hearing before an IJ <u>on or before May 27, 2026</u>.  If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2.      At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.  In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

- 3 -

3.      If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4.      Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5.      Respondents are directed to file a status update with the Court on or before May 29, 2026.

6.      Failure to comply with the directives herein will result in a Court order directing Petitioner's release.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      May 19, 2026
            Rochester, New York